UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESUS GARCIA-MEZA,

        Movant,

                                  File No. 1:04-CV-252

v.

                                  HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

        Respondent.
                                        /

## OPINION

This matter comes before the Court on Jesus Garcia-Meza's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

### I.

On February 22, 2001, Movant entered a plea of guilty pursuant to a written plea agreement to one count of possession with intent to distribute and distribution of approximately one kilogram of cocaine in violation of 21 U.S.C. § 841. On June 13, 2001, this Court sentenced him to 216 months in prison, five years supervised release, a $5,000 fine, and a $100 special assessment. Movant appealed his sentence to the Sixth Circuit Court of Appeals, which affirmed in a published opinion. *United States v. Garcia-Meza*, 315 F.3d 683 (6th Cir. 2003).

On April 14, 2004, Movant filed this § 2255 motion alleging ineffective assistance of counsel at sentencing because counsel failed to request a downward adjustment for

acceptance of responsibility and because counsel failed to request a downward departure from his criminal history category. On September 2, 2004, Movant filed a supplemental memorandum raising the claim that his sentencing enhancements were also unconstitutional under *Blakely v. Washington*, 124 S. Ct. 2531 (2004).

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail under § 2255, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). "Relief is warranted only where a petitioner has shown 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)).

In reviewing a § 2255 motion the court is required to grant an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255.

> The statute "does not require a full blown evidentiary hearing in every instance . . . . Rather, the hearing conducted by the court, if any, must be tailored to the specific needs of the case, with due regard for the origin and complexity of the

>issues of fact and the thoroughness of the record on which (or perhaps, against which) the section 2255 motion is made."

*Smith v. United States*, 348 F.3d 545, 550-51 (6th Cir. 2003) (quoting *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993)).  No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).  Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

### III.

Movant contends that his counsel was constitutionally ineffective at sentencing.  In order to demonstrate ineffective assistance of counsel, a defendant must show that his attorney's conduct "fell below an objective standard of reasonableness," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).  *See also United States v. Angel*, 355 F.3d 462, 469 (6th Cir. 2004). Courts need not address both components of the ineffective-assistance inquiry "if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.  "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will

often be so, that course should be followed." *Id*. *See also Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004).

Movant has raised two claims of ineffective assistance of counsel. His first contention is that counsel was ineffective for failing to object to the presentence report recommendation that he be denied a reduction pursuant to U.S.S.G. § 3E1.1 for acceptance of responsibility.

The government agreed, in the written plea agreement, not to oppose a reduction for acceptance of responsibility provided the defendant satisfied the criteria for such a reduction. The presentence officer recommended that no adjustment be made for acceptance of responsibility because Movant "both minimized and denied relevant conduct for which he was accountable." (PSR ¶ 90). This recommendation was accompanied by Movant's original objections to ¶ 90 of the draft presentence report in which he attempted to explain the statements that the presentence officer had characterized as denials of relevant conduct. At sentencing the government moved for a downward departure pursuant to U.S.S.G. § 5K1.1 for substantial assistance. In that motion the government noted that although the probation department was recommending no reduction for acceptance of responsibility, in accordance with the terms of the plea agreement, "the government also has no objection to a reduction for acceptance of responsibility if the defendant satisfies the criteria for such a reduction."

Defense counsel did not make a motion for acceptance of responsibility. Nevertheless, even if Movant can show that counsel was professionally remiss in failing to do so, he cannot show a reasonable probability that he would have been granted a reduction

had his counsel done so. The lack of a motion does not mean that the Court did not consider the issue of acceptance. Based upon the terms of the plea agreement, the § 5K1.1 motion and the presentence report, the issue of acceptance of responsibility was squarely before this Court. This Court determined that although Movant was entitled to a downward departure for substantial assistance, he was not entitled to a downward departure for acceptance of responsibility.[1] Although Movant entered a guilty plea and gave substantial assistance to the government, Movant's attempt to minimize and deny relevant conduct for which he was accountable was inconsistent with acceptance of responsibility. *See* U.S.S.G. § 3E1.1, Application Note 3. This Court would have come to the same conclusion even if defense counsel had filed a motion for acceptance of responsibility. Accordingly, the Court is satisfied that Movant was not prejudiced by any failure on the part of counsel to file a motion for acceptance of responsibility.

Movant's second contention is that counsel was ineffective for failing to move for a downward departure from his criminal history category. A downward departure may be warranted if the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes. U.S.S.G. § 4A1.3(b)(1).

---

[1] On appeal the Sixth Circuit noted that there was no inherent inconsistency in granting adjustment for substantial assistance and denying adjustment for acceptance of responsibility and that this Court's acceptance of the pre-sentence report's recommendation that Movant be denied an adjustment for acceptance of responsibility was not plain error. *Garcia-Meza*, 315 F.3d at 686-87.

Movant had 8 criminal history points which would have given him a criminal history category of IV. (PSR ¶ 109). However, because Movant's prior convictions included three prior felony convictions for controlled substance offenses, he was determined to be a career criminal pursuant to the provisions of U.S.S.G. § 4B1.1, giving him a criminal history category of VI. (PSR ¶ 110).

Again, although defense counsel did not file a motion for downward departure on the basis of Movant's criminal history, the Court was nevertheless well aware that there was some dispute as to whether or not his prior criminal history was sufficiently serious to warrant career criminal status. The presentence report detailed Movant's prior criminal history which included convictions for delivery of .13 gram of cocaine, possession with intent to deliver 4 pounds of marijuana, and delivery of 1 gram of marijuana. (PSR ¶¶ 100, 107, 108). In its motion for downward departure for substantial assistance, the government noted that "[i]f the Court feels that treating the defendant as a career offender overstates the defendant's criminal history or conduct, the government has no objection to a further departure pursuant to U.S.S.G. § 4A1.3 or other appropriate provision." Defendant's counsel also commented at sentencing on the relatively minor nature of the offenses that resulted in Movant's career offender status. (Sent. Tr. at 4-5 ).

Notwithstanding the limited quantities of drugs involved in some of Movant's prior convictions, this Court found it significant that by age 35 Movant had already been arrested 26 times, and nine of those arrests had been drug-related. (Sent. Tr. at 5). This Court also

found significant Movant's repeated use of aliases. (Sent Tr. at 7). This Court asked Movant why his numerous arrests for drug offenses had not gotten his attention. (Sent. Tr. at 6). Finally, this Court noted that Movant "has had considerable contact with the selling and the distribution and the possessing of controlled substances despite a string of arrests for the same," and that his sentence "must be a substantial one." (Sent. Tr. at 8). This Court was satisfied at sentencing and is still satisfied that Movant's criminal history category did not substantially over-represent the seriousness of his criminal history or the likelihood that he would commit other crimes. Accordingly, the Court finds that Movant was not prejudiced by any failure on the part of counsel to move for a downward departure.

Because the Court finds no prejudice to Movant, the Court finds no merit to Movant's ineffective assistance of counsel claims.

## IV.

The *Blakely* argument Movant raised in his notification of supplemental authority is now governed by the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005), which applied the *Blakely* reasoning to the Federal Sentencing Guidelines. Under *Booker*, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.* at 756.

The Supreme Court directed that its holding in *Booker* be applied to all cases on direct review. *Id.* at 769. Movant 's conviction became final in May 2003, when the Supreme Court denied his petition for *certiorari*. *Garcia-Meza v. United States*, 538 U.S. 1066 (2003). Movant's case was no longer on direct review in 2005 when *Booker* was decided. The general rule is that "federal habeas corpus petitioners may not rely on new rules of criminal procedure handed down after their convictions have become final on direct appeal." *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005) (citing *Schriro v. Summerlin*, 124 S. Ct. 2519, 2523 (2004)). In *Humphress* the Sixth Circuit determined that the rule announced in *Booker* does not fall within either of *Teague's* two exceptions to this general rule of nonretroactivity. *Id.* at 862-63. Because *Booker* does not apply retroactively in collateral proceedings, Movant's argument based on *Booker* is without merit.

The files and records in this case conclusively show that Movant is entitled to no relief under § 2255. Accordingly no evidentiary hearing is required to resolve the merits of the pending motion. For the reasons stated herein, the motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 must be denied. An order consistent with this opinion will be entered.

Date:   June 17, 2005              /s/ Robert Holmes Bell
                                   ROBERT HOLMES BELL
                                   CHIEF UNITED STATES DISTRICT JUDGE